JAMES V. FAZIO, III (CSB NO. 183353)
jamesfazio@sandiegoiplaw.com
TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
trevorcoddington@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile: (858) 792-3447

Attorneys for Plaintiff
IMAGEWARE SYSTEMS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGEWARE SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WCC SERVICES US, INC., a Delaware corporation; WCC GROUP, B.V., a Netherlands corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. **'13CV0309 DMS JMA**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff ImageWare Systems, Inc., ("ImageWare") hereby complains of WCC Services US, Inc. ("WCC Services"), WCC Group B.V., ("WCC Group"), and DOES 1 through 10 (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

## THE PARTIES

2. ImageWare is a publicly-traded software company based in San Diego, California that develops, markets and sells highly innovative technology solutions for the identity management industry, particularly for government, border control, healthcare, financial services, and electronic and mobile commerce applications. ImageWare's flagship product is its IWS™ Biometric Engine®, which is the world's first and only patented multi-modal, device- and algorithm-independent biometric fusion platform that can search for, screen and authenticate individuals using more than a dozen biometric modalities, including fingerprint, finger vein, palm vein, face, and iris (among others). ImageWare's suite of multimodal biometric fusion products and software provide optimized identity enrollment, management and authentication solutions for a variety of applications, including secure credentialing, controlled access, national identification, border control, watch list, voter registration, driver license, and airport security purposes (among many others). ImageWare is organized and existing under the laws of the State of Delaware, with its principal place of business located at 10815 Rancho Bernardo Road, Suite 310, San Diego, California 92127.

3. ImageWare is informed and believes and based thereon alleges that Defendant WCC Services is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 228 Hamilton Ave, #300, Palo Alto, California 9430.

4. ImageWare is informed and believes and based thereon that Defendant WCC Group is a corporation organized and existing under the laws of the Country of The Netherlands, with its principal place of business located at Savannahweg 17, 3542 AW Utrecht, The

-1-

**COMPLAINT**

Netherlands.

5. ImageWare is informed and believes and based thereon that WCC Services is a wholly owned subsidiary of WCC Group.

6. ImageWare is ignorant of the true names and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise, and therefore sues these defendants by such fictitious names. ImageWare will amend the complaint to assert their true names when they have been ascertained. ImageWare is informed and believes and based thereon alleges that all defendants sued herein as DOES 1 through 10 are in some manner responsible for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

7. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over the Defendants because they have conducted and are conducting systematic and continuous business in California and within this District, and because Defendants have committed patent infringement in California and within this District by making, selling, offering for sale, importing, and distributing (among other things) ELISE ID, a platform for multimodal fusion for the identification and screening of individuals.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Defendants have regularly transacted business in California and within this District, because certain of the acts complained of herein occurred in California and within this District, and because Defendants derive and seek to derive revenue from sales of infringing products sold in California and within this District. Defendants' customers and partners include without limitation Creative Information Technology, Inc., Alutiiq, LLC, which has an office in San Diego located at 4247 Ponderosa Avenue, San Diego, California 92123, Robert Half Legal, which has an office in San Diego, California and Adecco, which has two offices in San Diego, and Accenture, which has an office in San Diego, California.

10. ImageWare is informed and believes and based thereon alleges that each of the Defendants WCC Services and WCC Group was and is the partner, agent and/or servant of the

-2-

**COMPLAINT**

other and was at all relevant times acting within the course and scope of such agency. ImageWare is further informed and believes and based thereon alleges that WCC Services and WCC Group are jointly and severally liable to ImageWare by reason of the acts and misconduct of each other as alleged herein.

### GENERAL ALLEGATIONS

11. On November 20, 2007, the United States Patent & Trademark Office ("PTO") duly and lawfully issued U.S. Patent No. 7,298,873, entitled "Multimodal Biometric Platform" ("the '873 patent"). ImageWare is the owner by assignment of the '873 patent, a copy of which is attached hereto as Exhibit A.

12. On April 22, 2008, the PTO duly and lawfully issued U.S. Patent No. 7,362,884, entitled "Multimodal Biometric Analysis" ("the '884 patent"). ImageWare is the owner by assignment of the '884 patent, a copy of which is attached hereto as Exhibit B.

13. On September 29, 2009, the PTO duly and lawfully issued U.S. Patent No. 7,596,246, entitled "Multimodal Biometric Platform" ("the '246 patent"). ImageWare is the owner by assignment of the '246 patent, a copy of which is attached hereto as Exhibit C.

14. On October 20, 2009, the PTO duly and lawfully issued U.S. Patent No. 7,606,396, entitled "Multimodal Biometric Platform" ("the '396 patent"). ImageWare is the owner by assignment of the '396 patent, a copy of which is attached hereto as Exhibit D.

15. ImageWare is informed and believes and based thereon alleges that Defendants' products including ELISE ID and certain peripheral hardware and software infringe one or more claims of the '873, '884, '246 and '396 patents. ImageWare is further informed and believes and thereon alleges that Defendants' infringement is willful.

### FIRST CLAIM FOR RELIEF
**(Infringement of U.S. Patent No. 7,298,873)**

**(Against All Defendants)**

16. ImageWare repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 15 as though set forth fully herein.

17. This claim is for patent infringement under the Patent Laws of the United States,

Title 35 of the United States Code.

18. ImageWare is informed and believes and based thereon alleges that Defendants WCC Services and WCC Group, by and through their agents, officers, directors, employees and servants, have been and are currently willfully and intentionally infringing the '873 patent by (a) making, using, offering to sell, and/or selling multimodal biometric software applications such as ELISE ID that are covered by at least one claim of the '873 patent; (b) actively inducing direct infringement of the '873 patent; and/or (c) importing, offering to sell, or selling one or more components of multi-modal biometric applications such as ELISE ID, knowing such components to be especially made or adapted for use in infringing the '873 patent and not staple articles or commodities suitable for substantial noninfringing use. Defendants WCC Services and WCC Group's acts constitute infringement of the '873 patent in violation of 35 U.S.C. §§271(a), (b) and/or (c).

19. ImageWare is further informed and believes and based thereon alleges that if and to the extent WCC Services and/or WCC Group is not infringing directly, WCC Services and/or WCC Group is infringing indirectly by contributing to and/or inducing direct infringers, including without limitation customers and/or partners Creative Information Technology, Inc., and Alutiiq, LLC, to infringe the '873 patent. ImageWare is further informed and believes and based thereon alleges that WCC Services and/or WCC Group is knowingly inducing direct infringement and has the specific intent to encourage another's direct infringement of the '873 patent by (among other things) designing, developing and selling products including without limitation ELISE ID to customers, vendors and retailers for the purpose of performing multimodal biometric identity matching, and/or by making, using, selling, importing and offering to sell products including without limitation ELISE ID that perform multimodal biometric identity matching. ImageWare is further informed and believes and based thereon alleges that WCC Services and/or WCC Group's ELISE ID is a material component of ImageWare's patented methods and/or systems and that ELISE ID is not capable of substantial non-infringing use.

20. ImageWare is informed and believes and based thereon alleges that Defendants WCC Services and WCC Group's infringement will continue unless enjoined by this Court.

21. ImageWare is informed and believes and based thereon alleges that Defendants WCC Services and WCC Group have derived and received, and will continue to derive and receive, gains, profits and advantages from the alleged acts of infringement in an amount not presently known to ImageWare but in excess of the jurisdictional requirement of this Court. By reason of the aforesaid infringing acts, ImageWare has been damaged and is entitled to monetary relief in an amount to be determined at trial but in excess of the jurisdictional requirement of this Court.

22. Because of the aforesaid infringing acts, ImageWare has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 7,362,884)**

**(Against All Defendants)**

23. ImageWare repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 22 as though set forth fully herein.

24. This claim is for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code.

25. ImageWare is informed and believes and based thereon alleges that Defendants WCC Services and WCC Group, by and through their agents, officers, directors, employees and servants, have been and are currently willfully and intentionally infringing the '884 patent by (a) making, using, offering to sell, and/or selling multi-modal biometric applications such as ELISE ID that are covered by at least one claim of the '884 patent; (b) actively inducing direct infringement of the '884 patent; and/or (c) importing, offering to sell, or selling one or more components of multi-modal biometric applications such as ELISE ID, knowing such components to be especially made or adapted for use in infringing the '884 patent and not staple articles or commodities suitable for substantial noninfringing use. Defendants WCC Services and WCC Group's acts constitute infringement of the '884 patent in violation of 35 U.S.C. §§271(a), (b) and/or (c).

26. ImageWare is further informed and believes and based thereon alleges that if and

to the extent WCC Services and/or WCC Group is not infringing directly, WCC Services and/or WCC Group is infringing indirectly by contributing to and/or inducing direct infringers, including without limitation customers and/or partners Creative Information Technology, Inc., and Alutiiq, LLC, to infringe the '884 patent.  ImageWare is further informed and believes and based thereon alleges that WCC Services and/or WCC Group is knowingly inducing direct infringement and has the specific intent to encourage another's direct infringement of the '884 patent by (among other things) designing, developing and selling products including without limitation ELISE ID to customers, vendors and retailers for the purpose of performing multimodal biometric identity matching, and/or by making, using, selling, importing and offering to sell products including without limitation ELISE ID that perform multimodal biometric identity matching.  ImageWare is further informed and believes and based thereon alleges that WCC Services and/or WCC Group's ELISE ID is a material component of ImageWare's patented methods and/or systems and that ELISE ID is not capable of substantial non-infringing use.

27. ImageWare is informed and believes and based thereon alleges that Defendants WCC Services and WCC Group's infringement will continue unless enjoined by this Court.

28. ImageWare is informed and believes and based thereon alleges that Defendants WCC Services and WCC Group have derived and received, and will continue to derive and receive, gains, profits and advantages from the alleged acts of infringement in an amount not presently known to ImageWare but in excess of the jurisdictional requirement of this Court.  By reason of the aforesaid infringing acts, ImageWare has been damaged and is entitled to monetary relief in an amount to be determined at trial.

29. Because of the aforesaid infringing acts, ImageWare has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,596,246)
### (Against All Defendants)

30. ImageWare repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 29 as though set forth fully herein.

31. This claim is for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code.

32. ImageWare is informed and believes and based thereon alleges that Defendants WCC Services and WCC Group, by and through their agents, officers, directors, employees and servants, have been and are currently willfully and intentionally infringing the '246 patent by (a) making, using, offering to sell, and/or selling multi-modal biometric applications such as ELISE ID that are covered by at least one claim of the '246 patent; (b) actively inducing direct infringement of the '246 patent; and/or (c) importing, offering to sell, or selling one or more components of multi-modal biometric applications such as ELISE ID, knowing such components to be especially made or adapted for use in infringing the '246 patent and not staple articles or commodities suitable for substantial noninfringing use.  Defendants WCC Services and WCC Group's acts constitute infringement of the '246 patent in violation of 35 U.S.C. §§271(a), (b) and/or (c).

33. ImageWare is further informed and believes and based thereon alleges that if and to the extent WCC Services and/or WCC Group is not infringing directly, WCC Services and/or WCC Group is infringing indirectly by contributing to and/or inducing direct infringers, including without limitation customers and/or partners Creative Information Technology, Inc., and Alutiiq, LLC, to infringe the '246 patent.  ImageWare is further informed and believes and based thereon alleges that WCC Services and/or WCC Group is knowingly inducing direct infringement and has the specific intent to encourage another's direct infringement of the '246 patent by (among other things) designing, developing and selling products including without limitation ELISE ID to customers, vendors and retailers for the purpose of performing multimodal biometric identity matching, and/or by making, using, selling, importing and offering to sell products including without limitation ELISE ID that perform multimodal biometric identity matching.  ImageWare is further informed and believes and based thereon alleges that WCC Services and/or WCC Group's ELISE ID is a material component of ImageWare's patented methods and/or systems and that ELISE ID is not capable of substantial non-infringing use.

34. ImageWare is informed and believes and based thereon alleges that Defendants

1  WCC Services and WCC Group's infringement will continue unless enjoined by this Court.

2      35.    ImageWare is informed and believes and based thereon alleges that Defendants
3  WCC Services and WCC Group have derived and received, and will continue to derive and
4  receive, gains, profits and advantages from the alleged acts of infringement in an amount not
5  presently known to ImageWare but in excess of the jurisdictional requirement of this Court.  By
6  reason of the aforesaid infringing acts, ImageWare has been damaged and is entitled to monetary
7  relief in an amount to be determined at trial.

8      36.    Because of the aforesaid infringing acts, ImageWare has suffered and continues to
9  suffer great and irreparable injury for which there is no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,606,396)

### (Against All Defendants)

13      37.    ImageWare repeats, realleges and incorporates by reference the allegations of
14  paragraphs 1 through 36 as though set forth fully herein.

15      38.    This claim is for patent infringement under the Patent Laws of the United States,
16  Title 35 of the United States Code.

17      39.    ImageWare is informed and believes and based thereon alleges that Defendants
18  WCC Services and WCC Group, by and through their agents, officers, directors, employees and
19  servants, have been and are currently willfully and intentionally infringing the '396 patent by
20  (a) making, using, offering to sell, and/or selling multi-modal biometric applications such as
21  ELISE ID that are covered by at least one claim of the '396 patent; (b) actively inducing direct
22  infringement of the '396 patent; and/or (c) importing, offering to sell, or selling one or more
23  components of multi-modal biometric applications such as ELISE ID, knowing such components
24  to be especially made or adapted for use in infringing the '396 patent and not staple articles or
25  commodities suitable for substantial noninfringing use.  Defendants WCC Services and WCC
26  Group's acts constitute infringement of the '396 patent in violation of 35 U.S.C. §§271(a), (b)
27  and/or (c).

28      40.    ImageWare is further informed and believes and based thereon alleges that if and

to the extent WCC Services and/or WCC Group is not infringing directly, WCC Services and/or WCC Group is infringing indirectly by contributing to and/or inducing direct infringers, including without limitation customers and/or partners Creative Information Technology, Inc., and Alutiiq, LLC, to infringe the '396 patent.  ImageWare is further informed and believes and based thereon alleges that WCC Services and/or WCC Group is knowingly inducing direct infringement and has the specific intent to encourage another's direct infringement of the '396 patent by (among other things) designing, developing and selling products including without limitation ELISE ID to customers, vendors and retailers for the purpose of performing multimodal biometric identity matching, and/or by making, using, selling, importing and offering to sell products including without limitation ELISE ID that perform multimodal biometric identity matching.  ImageWare is further informed and believes and based thereon alleges that WCC Services and/or WCC Group's ELISE ID is a material component of ImageWare's patented methods and/or systems and that ELISE ID is not capable of substantial non-infringing use.

41.     ImageWare is informed and believes and based thereon alleges that Defendants WCC Services and WCC Group's infringement will continue unless enjoined by this Court.

42.     ImageWare is informed and believes and based thereon alleges that Defendants WCC Services and WCC Group have derived and received, and will continue to derive and receive, gains, profits and advantages from the alleged acts of infringement in an amount not presently known to ImageWare but in excess of the jurisdictional requirement of this Court.  By reason of the aforesaid infringing acts, ImageWare has been damaged and is entitled to monetary relief in an amount to be determined at trial.

43.     Because of the aforesaid infringing acts, ImageWare has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law.

### **PRAYER FOR RELIEF**

WHEREFORE, ImageWare prays for judgment against all Defendants as follows:

(a)     An Order adjudging Defendants to have infringed the '873, '884, '246 and '396 patents under 35 U.S.C. § 271;

(b)     An Order adjudging Defendants to have willfully infringed the '873, '884, '246

1  and '396 patents under 35 U.S.C. § 271;

2     (c)   A permanent injunction under 35 U.S.C. § 283 enjoining Defendants, their

3  respective officers, directors, agents, servants, employees and attorneys, and those persons acting

4  in concert or participation with Defendants, from directly or indirectly infringing the '873, '884,

5  '246 and '396 patents in violation of 35 U.S.C. § 271;

6     (d)   That Defendants account for all damages by Defendants' infringement of the '873,

7  '884, '246 and '396 patents in violation of 35 U.S.C. § 271, and that Defendants pay to

8  ImageWare all damages suffered by ImageWare;

9     (e)   An order for a trebling of damages and/or exemplary damages due to Defendants'

10  willful misconduct under 35 U.S.C. § 284;

11     (f)   An Order adjudicating that this is an exceptional case;

12     (g)   An award to ImageWare of the attorneys' fees and costs incurred by ImageWare in

13  connection with this action under 35 U.S.C. § 285;

14     (h)   An award of pre-judgment and post-judgment interest and costs of this action

15  against Defendants;

16     (i)   For such other and further relief as the Court deems just and proper.

17  Dated:  February 7, 2013       SAN DIEGO IP LAW GROUP LLP

18

19                By: /s/James V. Fazio, III
                    JAMES V. FAZIO, III
20                    TREVOR Q. CODDINGTON, PH.D.

21                Attorneys for Plaintiff
              IMAGEWARE SYSTEMS, INC.
22

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff ImageWare Systems, Inc. hereby demands a trial by jury of all issues so triable.

Dated: February 7, 2013                    SAN DIEGO IP LAW GROUP LLP

By: /s/James V. Fazio, III
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON, PH.D.

Attorneys for Plaintiff
IMAGEWARE SYSTEMS, INC.

-11-

**COMPLAINT**